■ HENRIETTA BOGORAD, as Mother and Guardian of Her Infant Daughters, SUSAN WEISBACH and Others, et al., Respondents, et al. Plaintiffs, v. JAMES FITZPATRICK, Appellant.— Judgment, Supreme Court, New York County entered on April 19, 1971, after jury trial, herein appealed from, affirmed, and that the respondents recover of the appellant $50 costs and disbursements of this appeal. Plaintiffs, passengers in a car operated by Henrietta Bogorad, sue to recover damages for personal injuries sustained when the cars driven by defendant and Henrietta Bogorad collided. Henrietta Bogorad is not suing in her own behalf but as mother and guardian of the infant plaintiffs. However, she will be referred to hereafter as plaintiff. Since defendant did not testify but rested at the end of plaintiff's case, the question involved is whether there is sufficient evidence to sustain the verdict in favor of plaintiffs. Plaintiff testified that prior to reaching the intersection of Gun Hill Road she was travelling south on Mosholu Parkway. As plaintiff approached the intersection she signaled for a left turn to go east. According to plaintiff's testimony she looked but did not see any oncoming traffic proceeding north on the Parkway. At the time the cars came in contact plaintiff's car was facing east in the left of the east bound lane of Gun Hill Road. Plaintiff's testimony was that while making her turn and looking before she got into the lane of traffic going north, she did not see any car at all. It was a completely open intersection with nothing to obstruct plaintiff's view, though about one-half block from the intersection there was a bend in the road in the direction from which defendant's car apparently eventually came. Plaintiff testified she saw defendant's car about a second before the impact. Plaintiff's car was struck on the right side and, from the photographs, suffered considerable damage. As noted defendant rested at the end of plaintiff's case without offering any proof by way of explanation or otherwise. Thus, any inference warranted by the evidence could probably be drawn by the trier of the facts if it chose to do so (see 21 N. Y. Jur., Evidence, § 125). Although the court charged properly on the relevant provisions of the Vehicle and Traffic Law, including section 1141, defendant urges on appeal that he had the right of way at the intersection by reason of the language of section 1141. That section provides: " The driver of a vehicle intending to turn to the left within an intersection  *  *  *  shall yield the right of way to any vehicle approaching from the opposite direction which is *within the intersection or so close as to constitute an immediate hazard* " (italics supplied). The testimony of plaintiff which the jury could credit, as it did, was that she looked and did not see any car going north within her range of vision of approximately one-half block. If believed, defendant's car obviously was not in the intersection or so close as to constitute a hazard when plaintiff turned and proceeded east. While plaintiff was, under the statute, obliged to use extreme caution, defendant was under an obligation also to use reasonable care not to hit the turning car if such could be avoided. If plaintiff acted so as to make her change of course prudent, and the jury so found on uncon-

tradicted evidence, she was not bound to anticipate the sudden and unexpected. The jury found, as it could on the uncontradicted evidence, that the plaintiff did not fail to exercise the requisite amount of care called for by the statute and its verdict should not be disturbed. The damage to plaintiff's car indicated an impact of some force and permitted, though it did not require, an inference of speed and lack of control of defendant's car. If, as the jury found, defendant's negligence was the proximate cause of the accident, the passengers in the Bogorad car were fully entitled to be compensated. Concur — Stevens, P. J., McGivern, Kupferman and Tilzer, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote to dismiss the complaint on the ground there is no evidence from which the jury could infer the defendant was negligent. In this action to recover for personal injuries, plaintiffs, other than Henrietta Bogorad, were passengers in a 1970 Valiant, a small car. There were six persons in the car, three in the front seat and three in the rear. Prior to the accident, the vehicle operated by plaintiff, Henrietta Bogorad, mother and guardian of the infant plaintiffs, was proceeding on Mosholu Parkway. The vehicle operated by defendant was proceeding north on Mosholu Parkway. The only evidence offered at the trial on the issue of liability was the testimony of Henrietta Bogorad, the operator of the plaintiffs' vehicle. She testified there were no traffic lights on Mosholu Parkway over the route plaintiffs had traveled immediately prior to the accident until the intersection of Gun Hill Road was reached. Mosholu Parkway is divided by an island. Plaintiffs' motor vehicle was in the left or center lane, southbound, as it approached Gun Hill Road; the traffic light was green; there was no obstruction to vision. She intended to make a left turn and proceed easterly. As she approached Gun Hill Road, she saw cars to her right, stopped on Gun Hill Road, waiting for the traffic light. She testified that she looked ahead on Mosholu Parkway and saw no cars. She did not stop before she entered the intersection. When she was between a half and three-quarters of the way into the intersection, she began her left turn. She testified that she had been proceeding at a speed of 25 to 30 miles per hour. She slowed down at the intersection to 10 or 15 miles per hour. As she slowed down, she looked up Mosholu Parkway for traffic coming north and saw no cars at all. When she entered the intersection, there were no cars near her. As she made the turn, she did not see any car. She was not able to estimate the duration of time taken to make her turn before the accident. She only saw the defendant's car approximately a half a second or a second before the impact. When she first saw the defendant's vehicle, it was 30 or maybe 20 feet or less from her car. Defendant's car struck the right-hand side of plaintiffs' vehicle. At the time of the accident, plaintiffs' car had not completed the left turn. There is no evidence as to which of the northbound lanes was the place of the accident. Damage to plaintiffs' car is shown by Exhibits 1 and 2. The damage is to a portion of the front fender and to both doors. The operator of plaintiffs' car failed to produce a copy of accident report filed with the Motor Vehicle Bureau. Section 1141 of the Vehicle and Traffic Law comes into play. It reads as follows: " The driver of a vehicle intending to turn to the left within an intersection * * * shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard." The record indicates that the accident was caused by the sole negligence of the driver of plaintiffs' motor vehicle who failed to stop and yield the right of way and in turning in front of defendant's car. (*Breckir* v. *Lewis,* 21 A D 2d 546, affd. 15 N Y 2d 1027; *Joyce* v. *Stockwell,* 26 N Y 2d 670.) It is undisputed that the defendant had the right of way; that he

was in his proper lane of traffic; that the traffic light was green in his favor; that the operator of the plaintiffs' vehicle turned into the defendant's lane without stopping. There is no evidence from which it can be inferred that the defendant was speeding or otherwise negligent. The operator of plaintiffs' car testified she saw no traffic going north on Mosholu Parkway; when she entered the intersection, there were no cars near her; as she made the turn she did not see any car. She was bound to see the approaching car. She was bound to see what by the proper use of her senses she might have seen. The statement that she did not see what she should have seen is incredible as matter of law. (*Weigand* v. *United Traction Co.*, 221 N. Y. 39, 42; *Bartholomew* v. *New York Tel. Co.*, 35 A D 2d 767.) I am of the opinion that the plaintiffs have failed to establish a prima facie case against the defendant and the complaint should have been dismissed.