■ JAMES E. McDANIEL, Plaintiff, v ANDREW J. BONIZZI et al., Defendants, COUNTY OF ORANGE, Respondent, and JOSEPH RUSCITTI, INC., Appellant.—In an action to recover damages for personal injuries, the defendant Joseph Ruscitti, Inc. appeals from an order of the Supreme Court, Orange County (Ritter, J.), dated November 16, 1987, which granted the motion of the defendant County of Orange for summary judgment in its favor on its cross claim against the defendant Joseph Ruscitti, Inc.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

We do not agree with the court's finding that the county produced sufficient evidence to establish that "any liability that may be cast upon the County in this lawsuit arises from

the work being done in accordance with the permit in question". The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact *(Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med Center,* 64 NY2d 851, 853). Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers *(Alvarez v Prospect Hosp., supra).* There is no dispute that Joseph Ruscitti, Inc. failed to obtain the necessary liability insurance coverage under the permit the county issued to it, thus breaching its agreement "to indemnify and save harmless the County * * * from all suits, actions or damages of every kind whatsoever which may arise from or on account of the work to be done under [the] permit"; however, the permit does not require Joseph Ruscitti, Inc. to obtain liability insurance for the county's independent acts of negligence which are unrelated to the work being performed by Joseph Ruscitti, Inc. Although the plaintiff testified at a hearing pursuant to General Municipal Law § 50-h, held prior to the institution of this action, that the front tire of the vehicle in which he was traveling "grabbed to the corner of * * * steel plates" and the car flipped over, he also stated that he did not see the plates prior to the collision, but observed that they were "on top of each other" and that they were not bolted down after he left the vehicle. No pretrial examinations were held after the plaintiff commenced this lawsuit. Also, the police report submitted with the county's motion makes no mention of steel plates, but merely notes that the vehicle was traveling west on Forge Hill Road, crossed over into the eastbound lane, and then off of the roadway, striking a fire hydrant and mailbox, then overturning. We find that the cause of the accident is unclear at this stage of the litigation and, therefore, the granting of summary judgment is not warranted. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.