■ ALTAGRACIA SERAPHIN, as Administratrix of the Estate of FRANK SERAPHIN, Deceased, Respondent, v MARY A. CONNAUGHTON, Defendant and Second Third-Party Plaintiff-Respondent, LEHMAN TREE EXPERT Co. et al., Defendants and Third-Party Plaintiffs-Respondents. RICAURTE A. REID et al., Third-Party Defendants-Respondents; MARGARET HARTMANN, Second Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries and wrongful death, Margaret Hartmann, the second third-party defendant, appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Hentel, J.), dated June 6, 1989, as denied her motion for summary judgment dismissing the second third-party complaint and all cross claims as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

On the morning of March 7, 1985, a multi-car accident occurred on Northern Boulevard in Brookville, which resulted in the death of the plaintiff's decedent, Frank Seraphin. Margaret Hartmann was driving her car behind a Mazda RX7. The car driven by Mary Anne Connaughton was following Hartmann. The three cars were traveling close together westbound in the left lane of the four-lane road. At one point, the Mazda RX7 abruptly stopped to enable it to maneuver a left-hand turn into a conference center located on the left hand side of the road. In response to this stop, Hartmann

applied her brakes. Connaughton, in turn, also stopped but due to the abruptness of that stop, her car veered slightly to the left and crossed over the double yellow line into ongoing traffic. Seraphin was driving eastbound in the left lane. His car hit the front of Connaughton's car and then went out of control. The Seraphin car bounced off the Connaughton car and came into contact with a car driven by Ricaurte Reid in the eastbound, right lane. After that impact, the Seraphin car changed direction and drove towards the left, over the double yellow line, into the westbound traffic and into the right lane where it came into contact with the Lehman Tree Expert Company truck driven by Maury Laspia. The Seraphin car then smashed into the guardrail.

Margaret Hartmann moved for summary judgment dismissing the second third-party complaint and all cross claims insofar as they were asserted against her. In denying that motion the Supreme Court found that there were material issues of fact regarding Hartmann's share of the responsibility for this accident. We now affirm.

An impartial eyewitness to this accident testified, contrary to Hartmann's testimony at the Department of Motor Vehicles Hearing, that she observed Hartmann driving too closely to the Mazda RX7. This discrepancy raises a triable issue regarding possible negligent conduct on Hartmann's part *(see, e.g., Benyarko v Avis Rent A Car Sys.,* 162 AD2d 572). We find that at this stage of the litigation it cannot be said, as a matter of law, that Connaughton's alleged negligence was an intervening cause which absolves Hartmann from all liability. Therefore the granting of summary judgment is not warranted *(see, McDaniel v Bonizzi,* 143 AD2d 980). Bracken, J. P., Kunzeman, O'Brien and Ritter, JJ., concur.