■ JOHN BROWN PLASTICS MACHINERY, INC., Respondent, v ROLEX PLASTICS INC. et al., Appellants. [595 NYS2d 105] —In an action to recover the principal sum of $344,921.59 based upon a California judgment entered June 22, 1989, upon the defendants' default in answering, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered September 25, 1990, which granted the application.

Ordered that the judgment is affirmed, with costs.

The plaintiff moved in the Supreme Court, Westchester County, for summary judgment in lieu of complaint based on a default judgment that was entered against the defendants in the Superior Court of California. On or about November 16, 1990, the defendants moved in California to vacate the default judgment on the ground that California did not have personal jurisdiction over the defendants. The California court denied the motion. The defendants then appealed to the Court of Appeals of the State of California, First Appellate District, but the appellate court also denied them relief.

On or about June 11, 1990, the plaintiff brought the instant motion for summary judgment in lieu of complaint. The defendants did not raise the issue of California's lack of personal jurisdiction in their affirmation in opposition to the motion. The Supreme Court granted the motion, finding that no triable issues of fact were raised by the defendants. On appeal, the defendants contend that California did not have personal jurisdiction over them, therefore, they should be allowed to collaterally attack the default judgment. We disagree.

It is well settled that the party opposing summary judgment must produce evidence of proof in admissible form sufficient to require a hearing on a material issue of fact *(see, Frank Corp.*

*v Federal Ins. Co.,* 70 NY2d 966, 967; *Zuckerman v City of New York,* 49 NY2d 557, 562). However, the defendants did not raise the issue of California's lack of personal jurisdiction, or any triable issue of fact, before the Supreme Court. Since this issue was not raised before the Supreme Court, it will not be considered by this Court *(see, Klein Performance Prods. v Keel,* 117 AD2d 1021; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757). Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.