■ ERIC SHER et al., Appellants, v JOYCE SCOTT, Respondent. [609 NYS2d 351] —In an action to recover damages for personal injuries sustained in an automobile accident, the plaintiffs appeal from an order of the Supreme Court, Queens County (Posner, J.), dated February 19, 1992, which denied their motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiffs' assertion that the Supreme Court improperly considered the unsigned deposition of the defendant in denying their motion for summary judgment is unpreserved for appellate review as the issue was not raised before the Supreme Court *(see, Rich v Lefkovits,* 56 NY2d 276; *Brown Plastics Mach. v Rolex Plastics,* 191 AD2d 537). Moreover, it is disingenuous for the plaintiffs to now argue that the defendant's examination before trial could not be considered with the defendant's opposition papers since the plaintiffs themselves relied upon that same EBT in their moving papers, quoting from it and submitting excerpts of it as exhibits. In any event, it was proper for the Supreme Court to consider the deposition as it was evidence in admissible form. Prior to January 1, 1994, an adverse party was "not * * * required to sign [a] deposition upon thirty days prior written notice to return the examination signed" *(see,* CPLR 3116). Effective January 1, 1994, CPLR 3116 was amended. The amendment deleted the 30-day notice requirement. The statute now provides "[i]f the witness fails to sign the deposition, it may be used as * * * though signed" (CPLR 3116). Under either version of the statute, the defendant was not required to sign the deposition, as the plaintiffs' moved for summary judgment more than 30 days after they requested that the defendant's deposition be signed.

Further, contrary to the plaintiffs' contentions, there are genuine issues of fact regarding each party's negligence which preclude summary judgment *(see, Seraphin v Connaughton,* 172 AD2d 510). Therefore, summary judgment in favor of the

plaintiffs was properly denied. Balletta, J. P., Ritter, Copertino and Goldstein, JJ., concur.