■ JAMES G. HYLAND et al., Appellants, v WILLIAM M. CALACE, Defendant and Third-Party Plaintiff-Respondent. BI-COUNTY PAVING, INC., Third-Party Defendant. [663 NYS2d 890] —In an action, *inter alia*, to recover damages for wrongful death, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Schmidt, J.), dated December 13, 1996, which granted the defendant third-party plaintiff's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In the early morning of April 28, 1990, the plaintiffs' decedent drove off the southbound lanes of the Wantagh Parkway and struck the respondent's parked trailer. An autopsy revealed that the decedent had a .15% alcohol level. There were no skid marks on the roadway. As a result of the accident, the decedent's car was separated, leaving the rear half of the vehicle across the parkway from the front half.

The plaintiffs contend that the respondent's trailer was illegally stopped on the roadway's right-hand shoulder without an adequate number of barricades warning of its presence. However, assuming arguendo that the respondent's trailer was illegally stopped, and that there were an insufficient number of

barricades to warn of its presence, the record discloses that it was the manner in which the decedent's automobile was being operated at the time and not the placement of the trailer which, as a matter of law, was the sole proximate cause of the accident and the decedent's consequent death (*see, Lectora v Gundrum*, 225 AD2d 738, 739; *Barile v Lazzarini*, 222 AD2d 635; *Metzler v Brawley*, 209 AD2d 487; *DiMarco v Verone*, 147 AD2d 671, 672). O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.