■ FREDERICK ROSENBERG, Respondent, v MAJESTIC LIMOUSINE CORP., Appellant, et al., Defendant. [748 NYS2d 152] —Judgment, Supreme Court, Bronx County (Betty Stinson, J.), entered on or about July 2, 2001, which, upon a directed verdict as to liability and a jury verdict upon the issue of whether plaintiff had sustained serious injury within the meaning of Insurance Law § 5102 (d) and the issue of damages, awarded plaintiff damages in the principal sum of $240,000, unanimously affirmed, without costs.

The trial court's direction of a verdict as to liability against defendant-appellant was proper in view of the unrebutted evidence indicating that the vehicle owned by defendant-appellant hit a stopped vehicle from behind causing that vehicle to hit the back of plaintiff's stopped vehicle. Although defendant-appellant offers the hypothesis that its vehicle hit the middle vehicle only after the middle vehicle had hit plaintiff's vehicle, and thus did not cause the singular impact to which plaintiff attributes his harm, this theory was unsupported by any evidence and, as such, raised no issue for the jury's consideration (*see Countermine v Galka*, 189 AD2d 1043; *Benyarko v Avis Rent A Car Sys.*, 162 AD2d 572, 573). In connection with the liability finding, the out-of-court statement memorialized in the police accident report of the driver of defendant-appellant's vehicle, defendant Reyes, who never appeared in this action and was unavailable at the time of the trial, that "he didn't realize that the traffic had stopped in front of him" was properly admitted as a declaration against interest (*see Basile v Huntington Utils. Fuel Corp.*, 60 AD2d 616).

The jury verdict, finding that plaintiff had sustained serious injury within the meaning of Insurance Law § 5102 (d), was based on a fair interpretation of the trial evidence, and accordingly not contrary to the weight of the evidence (*see Hoffson v Orentreich*, 168 AD2d 243, 244). There was objective medical evidence to establish that plaintiff's injury was of the requisite seriousness and the jury was entitled to reject the contrary testimony of the defense witness (*see Walker v Prince*, 266 AD2d 27). Concur—Tom, J.P., Saxe, Rosenberger, Rubin and Friedman, JJ.