■ JON HONKALA, Plaintiff, v LEE E. GIBSON CONSTRUCTION COMPANY, INC., et al., Appellants, and U-HAUL CO. OF PENNSYLVANIA et al., Respondents. [752 NYS2d 94] —In an action to recover damages for personal injuries, the defendants Lee E. Gibson Construction Company, Inc., Howard's Express, Inc., and Harold Bailey appeal from an order of the Supreme Court, Orange County (Owen, J.), dated August 15, 2001, which granted the motion of the defendants U-Haul Co. of Pennsylvania and F.L. Johnson III for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal from so much of the order as granted that branch of the motion which was to dismiss the complaint insofar as asserted against the defendants U-Haul Co. of Pennsylvania and F.L. Johnson III is dismissed, as the appellants are not aggrieved thereby (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendants U-Haul Co. of Pennsylvania and F.L. Johnson III are awarded one bill of costs.

On May 3, 1999, the plaintiff, a tow-truck driver, was assisting a disabled truck operated by the defendant F.L. Johnson III and owned by the defendant U-Haul Co. of Pennsylvania (hereinafter U-Haul). A tractor-trailer operated by the appellant Harold Bailey, owned by the appellants Lee E. Gibson Construction Company, Inc. (hereinafter Gibson), and Howard's Express, Inc. (hereinafter Howard's), collided with Johnson's vehicle, causing it to strike and injure the plaintiff.

The appellants were required to present evidence establishing a prima facie case that the alleged negligence of U-Haul and Johnson was a substantial cause of the accident (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; Dormena v Wallace, 282 AD2d 425, 427). The record reflects that the accident occurred when Bailey fell asleep immediately before the accident, striking the disabled truck in the rear, and that this was the sole proximate cause of the accident (see Hyland v Calace, 244 AD2d 318; Lectora v Gundrum, 225 AD2d 738, 739; Metzler v Brawley, 209 AD2d 487). Accordingly, the Supreme Court properly granted that branch of the motion of U-Haul and Johnson which was for summary judgment dismissing the cross claims insofar as asserted against them (see Dormena v Wallace, supra; Hyland v Calace, supra; Metzler v Brawley, supra; Centeno v Goldstein, 261 AD2d 566).

The appellants' remaining contentions are without merit. Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.