■ SANDRA MARIANO, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, and NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [831 NYS2d 155]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered September 1, 2006, which granted the motion by defendant Transit Authority (TA) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The argument by defendant New York City Housing Authority (NYCHA) that the TA's motion was unsupported by competent evidence, inasmuch as the depositions relied on by the movant were, inter alia, unsigned and uncertified, is raised for the first time on appeal and is thus unpreserved for review (*see Sher v Scott*, 203 AD2d 274 [1994]). As to the merits of the motion, the deposition testimony and documentary evidence established that the TA's bus was stopped at a red light, near a bus stop, when, although stationary for two or three minutes, it was struck in the rear by a hit-and-run dump truck bearing NYCHA's name designation. On this unrefuted evidence, the TA established prima facie entitlement to summary judgment, as the bus was a stationary vehicle involved in a rear-end collision (*see Garcia v Bakemark Ingredients [E.] Inc.*, 19 AD3d 224 [2005]). The burden then shifted to NYCHA, as owner of the offending vehicle, to rebut the inference of negligence by offering a nonnegligent explanation for the contact (*Ferguson v Honda Lease Trust*, 34 AD3d 356 [2006]). NYCHA failed to provide such an explanation, or to demonstrate culpable negligence on the part of the TA's driver in connection with purported inconsistencies in the witnesses' deposition testimony as to the

distance of the bus from the curb at the time of contact. Unrefuted deposition testimony established that the bus was legally stopped, parallel to the curb line, when the offending vehicle scraped along its left side before fleeing the scene. There was also testimony that the distance from the bus to the curb may have been due to a truck illegally parked in the bus stop area. On this record, NYCHA's conjecture as to culpable conduct on the part of the bus driver in causing injury to his passenger is insufficient to preclude summary judgment for the TA (*see Rosenberg v Majestic Limousine Corp.*, 298 AD2d 243 [2002]). Concur—Tom, J.P., Sullivan, Williams, Buckley and Kavanagh, JJ.