■ LILLIAN JONES, Respondent, v JUAN CASTRO-TINCO, Appellant. [880 NYS2d 308]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated July 15, 2008, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when the vehicle she was driving in Brooklyn made a left turn from Grove Street onto Wilson Avenue and was struck by the vehicle driven by the defendant. On this motion for summary judgment dismissing the complaint, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating, through the deposition testimony of the parties, that the accident was caused by the plaintiff's failure to yield the right of way, as required by Vehicle and Traffic Law § 1142 (a) (*see Exime v Williams,* 45 AD3d 633 [2007]; *Gergis v Miccio,* 39 AD3d 468 [2007]; *Laino v Lucchese,* 35 AD3d 672 [2006]; *Friedberg v Citiwide Auto Leasing, Inc.,* 22 AD3d 522, 523 [2005]; *McNamara v Fishkowitz,* 18 AD3d 721, 721-722 [2005]; *Nolan v Mizrahi,* 12 AD3d 430 [2004]). The plaintiff's assertion that the deposition testimony should not have been considered by the Supreme Court is raised for the first time on appeal and therefore is not properly before this Court (*see Mariano v New York City Tr. Auth.,* 38 AD3d 236 [2007]; *Sher v Scott,* 203 AD2d 274 [1994]). In opposition to the motion, the plaintiff raised a triable issue of fact through her affidavit and that of an eyewitness to the accident (*see Fleming v Graham,* 34 AD3d 525 [2006], *revd on other grounds* 10 NY3d 296 [2008]; *Calemine v Hobler,* 263 AD2d 495 [1999]; *Bogorad v Fitzpatrick,* 38 AD2d 923 [1972], *affd* 31 NY2d 984 [1973]; *see also Lynch v Dobler Chevrolet, Inc.,* 49 AD3d 509, 510 [2008]). Therefore, the Supreme Court properly denied the motion. Spolzino, J.P., Covello, Angiolillo and Dickerson, JJ., concur.