■ ASHLEY JOHNSON et al., Respondents, v AARON BURNS et al., Respondents, and MICHAEL ISAAC, Appellant. [895 NYS2d 742]—

In an action to recover damages for personal injuries, etc., the defendant Michael Isaac appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated March 3, 2009, as denied his cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendant Michael Isaac for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

A motor vehicle registered in the name of the defendant Yvonne Lyles and operated by her son, the defendant Aaron Burns, which was traveling along 220th Street in the Laurelton section of Queens, proceeded through a stop sign at the intersection of 220th Street and 131st Avenue without yielding to traffic on 131st Avenue. The vehicle collided with a motor vehicle owned and operated by the defendant Michael Isaac (hereinafter the appellant), which was proceeding eastbound on 131st Avenue, with the right-of-way. As a result of the collision, the appellant's motor vehicle flipped over and struck the plaintiff Ashley Johnson, who was walking along 131st Avenue.

After joinder of issue, the appellant cross-moved for summary judgment dismissing the complaint and all cross claims insofar asserted against him. In the order appealed from, the Supreme Court, inter alia, denied the appellant's cross motion. We reverse the order insofar as appealed from.

The appellant made a prima facie showing of his entitlement to judgment as a matter of law through the deposition testimony of the parties. Burns, operating his vehicle on a street governed by a stop sign, failed to stop and to yield to the appellant's vehicle, as required by Vehicle and Traffic Law § 1142 (a) (*see Yelder v Walters*, 64 AD3d 762 [2009]; *Jones v Castro-Tinco*, 62 AD3d 957 [2009]). As the driver with the right-of-way, the appellant was entitled to anticipate that Burns would obey traffic laws which required him to yield (*see Yelder v Walters*, 64 AD3d at 764). The evidence submitted in opposition to the cross motion

did not raise a triable issue of fact (*see* CPLR 3212 [b]; *Lupowitz v Fogarty*, 295 AD2d 576 [2002]).

Accordingly, the Supreme Court should have granted the appellant's cross motion. Mastro, J.P., Dickerson, Belen and Roman, JJ., concur.