■ SHAHEENA IQBAL et al., Respondents, v DAVID THAI et al., Appellants. [920 NYS2d 789]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 26, 2010, as granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The instant action arose out of an automobile accident which occurred in the eastbound shoulder of the Long Island Expressway, near Exit 51 in Huntington, at approximately 4:00 A.M. on February 17, 2007. The car in which the plaintiffs' decedent was seated was struck in the rear while it was stopped, for reasons unknown, on the shoulder by a car operated by the defendant David Thai (hereinafter the defendant driver) and owned by the defendant Hoa Thai (hereinafter together the defendants). The defendant driver admitted that he had fallen asleep prior to the collision and recalled last being awake two exits before the collision.

Contrary to the defendants' contention, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability. Although, in general, the issue of proximate cause is for the jury (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]; *Ely v Pierce*, 302 AD2d 489 [2003]), liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes (*see Ely v Pierce*, 302 AD2d at 489; *see also Saviano v City of New York*, 5 AD3d 581 [2004]).

Here, the plaintiffs established their entitlement to judgment as a matter of law by submitting evidence that the location of the decedent's car merely furnished the condition for the accident, and was not a proximate cause of his injuries and death. Even if the decedent violated Vehicle and Traffic Law § 1202 (a) (1) (j) by being stopped on the shoulder of the Long Island Expressway, the sole proximate cause of the subject accident was the defendant driver falling asleep before the subject accident (*see Spence v Lake Serv. Sta., Inc.*, 13 AD3d 276 [2004]; *Honkala v Gibson Constr. Co.*, 300 AD2d 445 [2002]; *Hyland v Calace*, 244 AD2d 318 [1997]; *Lectora v Gundrum*, 225 AD2d 738 [1996]; *Metzler v Brawley*, 209 AD2d 487 [1994]; *cf. Dowling v Consolidated Carriers Corp.*, 103 AD2d 675 [1984], *affd* 65 NY2d 799 [1985]). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the plaintiffs' motion for summary judgment on the issue of liability was properly granted.

The defendants' assertion that various items of evidence, including the deposition testimony of the defendant driver, should not have been considered by the Supreme Court is raised for the first time on appeal and, therefore, is not properly before this Court (*see Jones v Castro-Tinco*, 62 AD3d 957 [2009]; *Mariano v New York City Tr. Auth.*, 38 AD2d 236 [2007]; *Sher v Scott*, 203 AD2d 274 [1994]). Covello, J.P., Eng, Hall and Roman, JJ., concur.