■ STEPHANIE STEIGELMAN et al., Appellants, v TRANSERVICE LEASE CORP. et al., Respondents, et al., Defendant. [42 NYS3d 146]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered December 23, 2015, which denied plaintiffs' motion for partial summary judgment on the issue of liability as against defendants-respondents, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiffs submitted affidavits averring that their car, which was in the left lane of traffic, was suddenly struck in the side and rear by the trailer of defendants' tractor-trailer truck, which came "from the right lane into the left lane." Plaintiff driver averred that she could not avoid the accident. Accordingly, plaintiffs met their prima facie burden by demonstrating that defendant driver entered the left lane when it was not safe to do so, in violation of Vehicle and Traffic Law § 1128 (a), and that plaintiff driver did not contribute to the accident (see Guerrero v Milla, 135 AD3d 635 [1st Dept 2016]; Zummo v Holmes, 57 AD3d 366 [1st Dept 2008]).

In opposition, defendants failed to raise a triable issue of fact. They submitted the affidavit of their driver, defendant Stroud, who averred that there was no vehicle to his left when he began to go through a traffic circle in the right lane, but that, after he signaled his intention to turn left and was bearing left, he felt a catch on the rear tire and saw in the mirror that a vehicle was "squeezed in" on his left. Defendants also submitted a police accident report that contained Stroud's statement that he was unaware that he had struck a vehicle at all until he was stopped by an officer, which undermined Stroud's affidavit purporting to describe how the accident occurred (*see Garzon-Victoria v Okolo*, 116 AD3d 558 [1st Dept 2014]). These submissions do not provide any nonnegligent explanation for the accident, but instead indicate that Stroud was negligent in failing to see what was there to be seen, namely plaintiffs' car (*see Guerrero* at 636). Defendants' arguments about how plaintiff driver may have contributed to the accident, or been able to avoid it, are speculative (*see id.*). Nor do defendants contend that discovery is needed to defend the motion (*see Flores v City of New York*, 66 AD3d 599 [1st Dept 2009]). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kahn, JJ.