Fuzailova v Rincon (2022 NY Slip Op 07060)

Fuzailova v Rincon

2022 NY Slip Op 07060

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-03088
 (Index No. 707751/18)

[*1]Tzipora Haimov Fuzailova, appellant,
v
Jacqueline Rincon, et al., defendants, David Borohov, et al., respondents.

Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Richard M. Steigman of counsel), for appellant.
Michael Ferro, Westbury, NY (Jill Dabrowski of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered April 12, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendants David Borohov and Rotshel Borohov which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action stems from a chain-reaction accident involving four vehicles and the plaintiff, who was outside her host vehicle at the time of the accident. Prior to the accident, the plaintiff had been a passenger in a vehicle operated by the defendant David Borohov and owned by the defendant Rotshel Borohov (hereinafter together the Borohov defendants). The plaintiff had exited the Borohov defendants' vehicle before the accident occurred. The plaintiff commenced this action against the defendants, the respective owners and operators of the four vehicles involved in the accident, to recover damages for personal injuries that she allegedly sustained. The Borohov defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order entered April 12, 2021, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
The Borohov defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that the defendant Jacqueline Rincon was driving while intoxicated and struck the rear of a vehicle operated by the defendant Ariel Namatiev and owned by the defendant Ella Namatiev (hereinafter the Namatiev vehicle), causing the Namatiev vehicle to strike the Borohov defendants' vehicle in the rear. The impact between the Namatiev vehicle and the Borohov defendants' vehicle allegedly caused the plaintiff to sustain personal injuries. Under the circumstances, the Borohov defendants established, prima facie, that the presence of their stopped vehicle in the moving lane of traffic merely furnished the occasion for the injury-producing event but was not one of its proximate causes (see generally Sheehan v City of New York, 40 NY2d 496, 503; Papadakis v HM Kelly, Inc., 97 AD3d 731; Iqbal v Thai, 83 AD3d 897; Hyland v Calace, 244 AD2d 318; Lectora v Gundrum, 225 AD2d 738). In opposition, the plaintiff failed to raise a [*2]triable issue of fact. Contrary to the plaintiff's contention, the motion was not premature (see CPLR 3212[f]).
Accordingly, the Supreme Court properly granted that branch of the motion of the Borohov defendants which was for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court