Fuzailova v Rincon (2022 NY Slip Op 07059)

Fuzailova v Rincon

2022 NY Slip Op 07059

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-05541
 (Index No. 707751/18)

[*1]Tzipora Haimov Fuzailova, appellant,
v
Jacqueline Rincon, et al., defendants, Ariel Namatiev, et al., respondents.

Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Richard M. Steigman of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered July 8, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants Ariel Namatiev and Ella Namatiev which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action stems from a chain-reaction accident involving four vehicles and the plaintiff, who was outside her host vehicle at the time of the accident. The plaintiff commenced this action against the defendants, the respective owners and operators of the four vehicles involved in the accident, to recover damages for personal injuries that she allegedly sustained. The defendant Ariel Namatiev, the operator of the third vehicle, and the defendant Ella Namatiev, the owner of the third vehicle (hereinafter together the Namatiev defendants), moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order entered July 8, 2020, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
The Namatiev defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that their vehicle had been stopped with the hazard lights engaged for three to five minutes when it was struck in the rear by the rearmost vehicle, which was owned and operated by the defendant Jacqueline Rincon, who was driving while intoxicated (see Hanakis v DeCarlo, 98 AD3d 1082, 1084; Gregson v Terry, 35 AD3d 358, 361). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, even if the Namatiev defendants' vehicle was stopped in violation of Vehicle and Traffic Law § 1202(a)(1)(j), its presence in the moving lane of traffic merely furnished the occasion for the injury-producing event but was not one of its proximate causes (see Papadakis v HM Kelly, Inc., 97 AD3d 731; Iqbal v Thai, 83 AD3d 897; Hyland v Calace, 244 AD2d 318).
Contrary to the plaintiff's further contention, the motion was not premature (see [*2]CPLR 3212[f]).
Accordingly, the Supreme Court properly granted that branch of the motion of the Namatiev defendants which was for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court