Pichardo v Irizarry (2023 NY Slip Op 01973)

Pichardo v Irizarry

2023 NY Slip Op 01973

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Kapnick, J.P., Moulton, Kennedy, Mendez, Pitt-Burke, JJ. 

Index No. 21690/19E Appeal No. 64 Case No. 2022-03238 

[*1]Eliezer Pena Pichardo, Plaintiff-Appellant,
v
Juan A. Irizarry et al., Defendants-Respondents.

Law Offices of Alexander Bespechny, Bronx (Yelena Genchanok of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola (Eric P. Tosca of counsel), for respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered January 21, 2022, which denied plaintiff's motion for partial summary judgment on the issue of liability and dismissing the affirmative defense of comparative fault, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff's reliance on cases involving rear-end collisions is misplaced, since it is undisputed that defendants' truck did not hit the back of plaintiff's vehicle but bumped into the side of plaintiff's vehicle towards the rear. Defendant driver did not violate Vehicle and Traffic Law § 1129(a), because there is no claim that he was following too closely behind plaintiff's car (see Johnson v Phillips, 261 AD2d 269, 271 [1st Dept 1999]).
Nevertheless, plaintiff also argued that the accident resulted from defendant driver's unsafe lane change in violation of Vehicle and Traffic Law § 1128(a) (Davis v Turner, 132 AD3d 603, 603 [1st Dept 2015]), and the facts support that argument. Based on the deposition testimony of both drivers and the police accident report, plaintiff met his prima facie burden of establishing that he was lawfully operating his vehicle within the left lane of traffic on Lexington Avenue when defendant truck driver attempted to change from the right lane into the left lane, while in heavy traffic, and struck the rear side of plaintiff's vehicle (see McDaniel v Codi Transp., Ltd., 149 AD3d 595, 595 [1st Dept 2017]; Steigelman v Transervice Lease Corp., 145 AD3d 439, 439 [1st Dept 2016]). Defendants did not offer any nonnegligent explanation for the collision sufficient to raise an issue of fact (id. at 440). Accordingly, plaintiff was entitled to partial summary judgment on the issue of defendants' liability (see Silverio v Ford Motor Co., 168 AD3d 608 [1st Dept 2019]; Ayala v Pascarelli, 168 AD3d 613, 614 [1st Dept 2019]).
Moreover, the evidence submitted in support of the motion demonstrates that plaintiff was not at fault, as defendant driver acknowledged at his deposition. Plaintiff did not have a duty to see what was occurring behind him and in another lane as he was driving fully within his lane in heavy traffic (see Martinez v WE Transp. Inc., 161 AD3d 458 [1st Dept 2018]). Accordingly, plaintiff is also entitled to dismissal of the affirmative defense of comparative fault.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023