McDowell v Rodriguez (2023 NY Slip Op 05368)

McDowell v Rodriguez

2023 NY Slip Op 05368

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Kern, J.P., Singh, Gesmer, Scarpulla, O'Neill Levy, JJ. 

Index No. 152151/17 Appeal No. 885 Case No. 2022-05638 

[*1]Frank McDowell, Plaintiff-Respondent,
v
Kristin Rodriguez, Defendant-Appellant, Ean Holdings, LLC, Defendant.
Kristin Rodriguez, Third-Party Plaintiff-Appellant,
v
Yira De La Espada, Third-Party Defendant.

Carman, Callahan & Ingham, LLP, Farmingdale (James Carman of counsel), for appellant.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent.

Order, Supreme Court, New York County (James G. Clynes, J.), entered July 12, 2022, which granted plaintiff's motion for summary judgment on the issue of liability against defendant/third-party plaintiff Kristin Rodriguez, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff, while a passenger in a vehicle operated by Rodriguez, sustained injuries when Rodriguez struck a vehicle operated by third-party defendant Yira De La Espada. Although plaintiff's motion was not premature, the court should not have granted plaintiff summary judgment on the issue of liability against Rodriguez. Plaintiff failed to make a prima facie showing that the accident was a rear-end collision resulting from Rodriguez's failure to maintain a safe distance behind Espada's vehicle, in violation of Vehicle and Traffic Law § 1129(a) (see generally Baez-Pena v MM Truck & Body Repair, Inc., 151 AD3d 473, 476 [1st Dept 2017]). Rather, plaintiff testified that Rodriguez's vehicle came in contact with Espada's vehicle as Rodriguez was turning into an intersection, and plaintiff did not see the Espada vehicle prior to the accident and did not know if it was moving or stopped at the moment of impact. Absent a showing that Rodriguez negligently struck Espada's vehicle due to a failure to maintain a safe distance, plaintiff, even as an innocent passenger, was not entitled to summary judgment (see Campbell v Mincello, 184 AD3d 412 [1st Dept 2020]).
Because plaintiff failed to meet his prima facie burden, we need not consider the sufficiency of Rodriguez's papers submitted in opposition to his motion. In any event, the evidence produced by Rodriguez, which included postaccident photographs of the vehicles and a recorded statement from Espada showing that her car was struck in the rear driver side panel, rather than the rear bumper as claimed by plaintiff, raised an issue of fact sufficient to defeat summary judgment (see Pichardo v Irizarry, 215 AD3d 504, 504 [1st Dept 2023]; see also Sperling v Akesson, 104 AD3d 840, 841 [2d Dept 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023