Mora v Branker (2024 NY Slip Op 00381)

Mora v Branker

2024 NY Slip Op 00381

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Singh, J.P., Kapnick, Kennedy, Higgitt, Michael, JJ. 

Index No. 150816/18 Appeal No. 1557 Case No. 2023-01126 

[*1]Jose D. Mora, Plaintiff-Respondent,
v
Augustus Vernac Branker et al., Defendants-Appellants.

Armienti, DeBellis & Rhoden, LLP, New York (Christopher Grimaldi of counsel), for appellants.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered September 26, 2022, which granted plaintiff's motion for partial summary judgment on the issue of liability and dismissed defendants' affirmative defenses of comparative fault, unanimously affirmed, without costs.
The court properly granted plaintiff's motion for summary judgment on the issue of liability. Plaintiff demonstrated prima facie that he was entitled to partial summary judgment on liability because the evidence established that plaintiff was lawfully driving his vehicle eastbound in the middle lane of West 57th Street between Fifth and Sixth Avenues in Manhattan when he was struck by the bus driven by defendant driver, who was merging from the right lane into the middle lane, while in stop-and-go traffic, to avoid a vehicle parked in the bus lane (see Pichardo v Irizarry, 215 AD3d 504, 504 [1st Dept 2023]). Thus, at a minimum, defendant driver violated Vehicle & Traffic Law § 1128(a).
Defendants did not offer any nonnegligent explanation for the collision sufficient to raise any issue of fact (see Steigelman v Transervice Lease Corp., 145 AD3d 439, 440 [1st Dept 2016]). The bus driver admitted that he did not see plaintiff's car prior to the collision and did not know where plaintiff's car "came from."
Similarly, the court properly dismissed defendants' affirmative defenses of comparative fault. Defendants' contention that plaintiff's vehicle and the bus were merging simultaneously and collided or that plaintiff cut in front of the bus is mere speculation. Plaintiff's purported "admission against interest," as described by defendants' supervisor in his accident report, that he changed lanes and the bus driver retaliated by hitting him, even if admissible, fails to raise an issue of fact that plaintiff changed lanes and collided with the bus (see Goodman v IEH Auto Parts, LLC, 211 AD3d 468, 469 [1st Dept 2022]). Plaintiff testified that at all times he was traveling in the middle lane, and that he did not speak to any of defendants' representatives other than defendant bus driver. Defendant driver's testimony also does not support this narrative, as he testified that he did not see plaintiff's vehicle before the impact.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024