Clarke v New York City Tr. Auth. (2024 NY Slip Op 5630)

Clarke v New York City Tr. Auth.

2024 NY Slip Op 5630

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Webber, J.P., Singh, Gesmer, González, Scarpulla, JJ. 

Index No. 158398/17 Appeal No. 3014 Case No. 2024-02176 

[*1]Evette Clarke, Plaintiff-Appellant,
v
New York City Transit Authority, Defendant-Respondent, John Doe 1, et al., Defendants.

Levine & Slavit, PLLC, New York (Ira S. Slavit of counsel), for appellant.
Anna J. Ervolina, MTA Law Department, Brooklyn (Theresa A. Frame of counsel), for respondent.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered September 29, 2023, which granted defendant New York City Transit Authority's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant established its entitlement to summary judgment as a matter of law by submitting security camera and dashcam footage showing that the New York City Transit Authority bus carrying plaintiff remained in the bus-only lane, where it had the right-of-way, and that a truck abruptly veered in front of the bus (see Steigelman v Transervice Lease Corp., 145 AD3d 439, 439 [1st Dept 2016]). In opposition, plaintiff failed to raise an issue of fact as to the bus driver's negligence. Although plaintiff raises arguments for the first time on appeal, we may consider them as they involve no new facts other than those that already appear on the record (see Vasquez v Manhattan Coll., 223 AD3d 601, 602-603 [1st Dept 2024]). Plaintiff acknowledges that the driver had only a couple of seconds to react between the truck's sudden lane change and the collision. "[P]laintiff's speculation that [the driver] might have avoided the collision had he taken a particular evasive action does not raise a triable issue of fact, especially because [he] had at most a few seconds to react" (Calderon v Calise, 214 AD3d 446, 446-447 [1st Dept 2023]; see Batista v Metropolitan Transp. Auth., 210 AD3d 487, 488 [1st Dept 2022]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024