Alcantara v Toro (2025 NY Slip Op 02991)

Alcantara v Toro

2025 NY Slip Op 02991

Decided on May 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 15, 2025

Before: Kern, J.P., Kennedy, González, Shulman, O'Neill Levy, JJ. 

Index No. 32983/20|Appeal No. 4366|Case No. 2024-02459|

[*1]Julio A. Baez Alcantara, Plaintiff-Appellant,
v
Rafael Villier Toro et al., Defendants-Respondents.

Kenneth J. Gorman, New York, for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondents.

Order, Supreme Court, Bronx County (John A. Howard-Algarin, J.), entered on or about March 28, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established prima facie entitlement to judgment as a matter of law by submitting evidence that plaintiff's unsafe lane change constituted negligence per se and was the sole proximate cause of the collision (see Vehicle and Traffic Law § 1128[a]; Castro v Hatim, 174 AD3d 464, 464-465 [1st Dept 2019]). Defendant driver's undisputed testimony established that defendant's SUV was "wholly within [its] lane" and "proceeding straight at the moment of the collision," and plaintiff admitted that he "was not entirely within a single lane" when the driver's side of his car near the front bumper struck the rear side of defendant's SUV (see Eltosam v Darling Ingredients Inc., 235 AD3d 404, 404 [1st Dept 2025]; Pichardo v Irizarry, 215 AD3d 504, 504-505 [1st Dept 2023]).
In opposition, plaintiff failed to raise a triable issue of fact. Because the record contains no evidence that defendant driver was speeding or otherwise operating the SUV negligently, plaintiff's testimony that he checked his mirrors and activated his turn signal before he began to merge is insufficient to defeat summary judgment (see Chavis v Zorilla, 222 AD3d 581, 581 [1st Dept 2023]; Steigelman v Transervice Lease Corp., 145 AD3d 439, 439 [1st Dept 2016]). Furthermore, defendant driver testified that plaintiff turned into his lane so quickly that he felt the impact of plaintiff's car before he saw it. Thus, defendant driver was not comparatively at fault for the collision, as he had the right of way and had no more than a few seconds to react to plaintiff's failure to yield (see Eltosam, 235 AD3d at 404; see Soto-Bay v Prunty, 115 AD3d 586, 587 [1st Dept 2014])
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 15, 2025