Wilson v Tillman (2025 NY Slip Op 04819)

Wilson v Tillman

2025 NY Slip Op 04819

Decided on August 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 28, 2025

Before: Moulton, J.P., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 161442/19|Appeal No. 3926|Case No. 2023-03380|

[*1]Lawrence L. Wilson, Plaintiff-Appellant,
v
Roland K. Tillman, et al., Defendants-Respondents. 

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), f0r appellant.
Armienti Debellis & Rhoden, LLP, New York (Christopher Grimaldi of counsel), for respondents.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered June 28, 2023, which denied plaintiff's motion for summary judgment on the issue of liability and dismissal of defendants' affirmative defenses of contributory negligence and failure to wear a seatbelt, unanimously reversed, on the law, without costs, and the motion granted.
This action arises from a collision on State Street in lower Manhattan between a private bus operated by plaintiff and a larger bus owned by defendant Metropolitan Bus Company (MTA) and operated by defendant Roland Tillman. State Street has two lanes heading west at the relevant location. Both buses were traveling west. It is undisputed that plaintiff had stopped his bus at a bus stop in the rightmost lane to discharge passengers. As plaintiff's bus remained stationary while plaintiff waited for the traffic light to change, the MTA bus attempted to go around plaintiff's bus and enter the right lane; in the process it hit the front left side of plaintiff's bus, knocked off its grille, and detached the left side of the bumper from the chassis.
In support of his motion for summary judgment, plaintiff submitted his affidavit describing the accident, photographs taken immediately after the accident showing the buses' relative positions and the severed grille on the roadway, and a certified police report of the accident. While the officer who compiled the police report did not see the accident, the report contains two relevant admissions by Tillman, in which he admitted that he did not see plaintiff's bus and that he "sideswiped" it.
Plaintiff's evidence demonstrates, prima facie, that Tillman was negligent in hitting the left front of plaintiff's stationary bus while attempting to move into the right lane. A driver must "make reasonable use of his or her senses . . . and maintain a safe distance from other motor vehicles" (Miller v DeSouza, 165 AD3d 550, 550 [1st Dept 2018] [citations omitted]). Plaintiff's evidence also demonstrates Tillman's violation of Vehicle and Traffic Law § 1128, which provides in relevant part: "Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply: (a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety" (see Steigelman v Transervice Lease Corp., 145 AD3d 439, 439 [1st Dept 2016]; Mariano v New York City Tr. Auth., 38 AD3d 236, 236-237 [1st Dept 2007]).[FN1]
In opposition defendants did not offer an affidavit from Tillman describing his version of the incident. Instead, defendants attempted to draw inferences from the record that could give rise to a triable issue of fact. Defendants' arguments are not persuasive. Based on a schematic in the police report, defendants assert that plaintiff's bus was "straddling" both westward lanes of State Street. However, as defendants concede, the schematic is not to scale, and the photographs show plaintiff's bus was entirely in the right lane. Defendants also argue that Tillman's view of the scene was obscured because State Street has a curve at the accident site. In fact, the photos and Google Street View of the site shows that the curve is just west of where the collision occurred. As defendants did not offer evidence tending to show a nonnegligent cause of the accident, Supreme Court should have granted plaintiff's motion on liability (Mariano, 38 AD3d at 236).
Defendants also did not demonstrate that plaintiff's motion was premature. Apart from video from plaintiff's bus's camera, defendants do not identify any specific discovery that would assist them in opposing plaintiff's motion. With respect to the video camera in question, it was directed to the interior of plaintiff's bus, and in any event, defendants do not dispute that plaintiff's bus was stationary at the time of the collision — negating any possibility that its operation was the cause of the accident. "The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion" (Flores v City of New York, 66 AD3d 599, 600 [1st Dept 2009]).
Because defendants failed to demonstrate any negligence by plaintiff, Supreme Court should have granted the branch of plaintiff's motion for summary judgment dismissing defendants' affirmative defenses of comparative fault and failure to wear a seatbelt. While defendants did raise an issue of fact as to whether plaintiff was wearing a seatbelt at the time of the accident, that issue goes only to the mitigation of damages, not to liability (Davis v Turner, 132 AD3d 603, 603 [1st Dept 2015]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 28, 2025

Footnotes

Footnote 1: MTA does not contest its own vicarious liability should Tillman be found negligent (Vehicle and Traffic Law § 388(1)).