■ MARY ASANTEWAA, Respondent, v CITY OF NEW YORK, Appellant. [935 NYS2d 18]—

Plaintiff was injured when, while a passenger in defendant's ambulance, the ambulance suddenly stopped, causing plaintiff, who was seated on a bench in the rear compartment of the ambulance and not wearing a seatbelt, to fall off the bench. It is well settled that the operator of an ambulance owes its passengers a duty of reasonable care (*see Bethel v New York City Tr. Auth.*, 92 NY2d 348, 356 [1998]). However, that duty does not require that the operator of the vehicle ensure that an adult

passenger has fastened his or her seatbelt (*see e.g. Stewart v Taylor*, 193 AD2d 1078 [1993]). Moreover, the New York City Fire Department's internal rules requiring that members ensure that passengers in emergency vehicles wear seatbelts imposes a greater standard of care upon defendant than that imposed by law, and thus, a violation of said rules cannot serve as basis for plaintiff to impose liability upon defendant (*see Gilson v Metropolitan Opera*, 5 NY3d 574, 577 [2005]; *Rahimi v Manhattan & Bronx Surface Tr. Operating Auth.*, 43 AD3d 802, 804 [2007]).

Contrary to plaintiff's contention that even if her allegations that defendant was liable based on its failure to ensure that plaintiff was wearing a seatbelt are found to be not viable she is still entitled to summary judgment based on her allegations that the ambulance was operated in a negligent manner, the record presents triable issues of fact in this regard. Concur—Gonzalez, P.J., Mazzarelli, Andrias and Sweeny, JJ.