■ TREVOR McDANIEL, Appellant, v CODI TRANSPORT, LTD., et al., Respondents. [50 NYS3d 286]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered November 14, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of liability, with leave to renew after the completion of discovery, denied plaintiff's motion to quash a nonparty subpoena, and, in effect, granted defendants' cross motion to compel discovery, unanimously reversed, on the law, without costs, plaintiff's motions granted, and defendants' cross motion denied.

In support of his motion for partial summary judgment, plaintiff, a driver for the New York City Transit Authority (NYCTA), submitted an affidavit averring that his bus was stopped in the right lane at an intersection next to defendants' box truck, when defendant driver made a right turn, across plaintiff's lane of traffic. The rear of the truck struck the front corner of the bus, which remained stopped and in its own lane of travel. Defendant driver left the scene of the accident. Accordingly, plaintiff met his prima facie burden by demonstrating that defendant driver entered plaintiff's lane of traffic in violation of Vehicle and Traffic Law § 1128 (a), and that plaintiff did not contribute to the accident (see *Steigelman v Transervice Lease Corp.*, 145 AD3d 439, 439 [1st Dept 2016]). In opposition, defendants submitted no evidence of a nonnegligent explanation for the accident, and their "arguments about how plaintiff driver may have contributed to the accident, or been able to

avoid it, are speculative," and therefore insufficient to raise an issue of fact (*Steigelman*, 145 AD3d at 440).

Denial of plaintiff's summary judgment motion as premature is unwarranted, as defendants have not identified any information in the exclusive control of plaintiff that could raise a material issue of fact (*see* CPLR 3212 [f]; *Erkan v McDonald's Corp.*, 146 AD3d 466, 467 [1st Dept 2017]). Defendants' speculation that plaintiff or the subpoenaed nonparty witness, a safety and training employee of the NYCTA, may provide information about NYCTA policies and procedures that could be relevant is insufficient, since such internal policies do not provide the standard of care in a negligence case (*see Asantewaa v City of New York*, 90 AD3d 537, 538 [1st Dept 2011]). Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Gische and Kahn, JJ.