Natoli v Trader Joe's E. Inc. (2021 NY Slip Op 05821)





Natoli v Trader Joe's E. Inc.


2021 NY Slip Op 05821


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Index No. 160645/18 Appeal No. 14493 Case No. 2020-04998 

[*1]Nicholas Natoli, Plaintiff-Appellant,
v
Trader Joe's East Inc. Doing Business as Trader's Joe's, et al., Defendants-Respondents.


Law Offices of Kevin T. Grennan, PLLC, Garden City (Kevin T. Grennan of counsel), for appellant.
Conway, Farrell, Curtin & Kelly, P.C., New York (Anne Marie Esposito of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered December 10, 2019, which denied plaintiff's motion for partial summary judgment on liability and to dismiss defendants' affirmative defense of comparative fault, unanimously modified, on the law, to grant the motion for partial summary judgment as to liability, and otherwise affirmed, without costs.
Plaintiff Nicholas Natoli alleged that on October 5, 2018, at about 8:15 p.m., as he entered the Trader Joe's supermarket located at 675 6th Avenue, he sustained physical injuries when a shopping cart hit him causing him to fall to the ground. On summary judgment, plaintiff met his prima facie burden by submitting evidence, including a witness statement indicating that defendant Jovani, an employee of defendant Trader Joe's, pushed a row of carts forward causing plaintiff to be struck as he walked past it (see Posada v Great Atl. & Pac. Tea Co., 70 AD3d 1019 [2d Dept 2010]).
In opposition, defendants failed to submit any evidence and therefore did not raise a triable issue of fact as to liability (id.). Although depositions had not yet been conducted, defendants failed to demonstrate that facts essential to justify opposition to that portion of the motion may exist but could not be stated (see CPLR 3212[f]). Defendants failed to identify what information is in the exclusive control of plaintiff that would raise a material issue of fact such that CPLR 3212 (f) would warrant denial of the motion (see McDaniel v Codi Transp., Ltd., 149 AD3d 595, 596 [1st Dept 2017]). Furthermore, plaintiff was not required to eliminate issues of fact as to his own comparative negligence in order to be entitled to partial summary judgment (Rodriguez v City of New York, 31 NY3d 312 [2018]). Accordingly, plaintiff established prima facie entitlement to partial summary judgment against defendant on the issue of liability.
Nevertheless, dismissal of the affirmative defense of plaintiff's alleged comparative fault is unwarranted at this stage of the litigation. Given that defendants have not yet had an opportunity to depose plaintiff, plaintiff's bare assertion in his affidavit that he had no opportunity to react and avoid the accident is insufficient to eliminate issues of fact as to whether he is free from comparative negligence (see Gonzalez v Arc Interior Constr., 83 AD3d 418, 419 [1st Dept 2011]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021