**Wright v State of New York**

2024 NY Slip Op 31950(U)

June 5, 2024

Supreme Court, New York County

Docket Number: Index No. 450028/2019

Judge: Dakota D. Ramseur

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DAKOTA D. RAMSEUR**

*Justice*

| | | PART | 34M |
|---|---|---|---|

-----------------------------------------------------------------------------X

JOHN KEONI WRIGHT, GINET BORRERO, TAUANA
GOINS, NINA DOSTER, CARLA WILLIAMS, MONA
PRADIA, LAURIE TOWNSEND, MYOMENA DAVIDS, BY
HER PARENT AND NATURAL GUARDIAN MIAMONA
DAVIDS, ERIC DAVIDS, BY HIS PARENT AND NATURAL
GUARDIAN MIAMONA DAVIDS, ALEXIS PERALTA, BY
HER PARENT AND NATURAL GUARDIAN ANGELA
PERALTA, STACY PERALTA, BY HER PARENT AND
NATURAL GUARDIAN ANGELA PERALTA, LENORA
PERALTA, BY HER PARENT AND NATURAL GUARDIAN
ANGELA PERALTA, ANDREW HENSON, BY HIS PARENT
AND NATURAL GUARDIAN CHRISTINE HENSON,
ADRIAN COLSON, BY HIS PARENT AND NATURAL
GUARDIAN JACQUELINE COLSON, DARIUS COLSON,
BY HIS PARENT AND NATURAL GUARDIAN
JACQUELINE COLSON, SAMANTHA PIROZZOLO BY
HER PARENT AND NATURAL GUARDIAN SAM
PIROZZOLO, FRANKLIN PIROZZOLO BY HER PARENT
AND NATURAL GUARDIAN SAM PIROZZOLO, IZAIYAH
EWERS BY HIS PARENT AND NATURAL GUARDIAN
KENDRA OKE,

|  | |
|---|---|
| INDEX NO. | 450028/2019 |
| MOTION DATE | 05/27/2022, 07/20/2022, 07/22/2022 |
| MOTION SEQ. NO. | 009 010 011 |

Plaintiff,

- v -

THE STATE OF NEW YORK, THE BOARD OF REGENTS
OF THE UNIVERSITY OF THE STATE OF NEW YORK,
SETH COHEN, DANIEL DELAHANTY, ASHLI SKURA
DREHER, KATHLEEN FERGUSON, ISRAEL MARTINEZ,
RICHARD OGNIBENE, LONNETTE R TUCK, KAREN E.
MAGEE, INDIVIDUALLY AND AS PRESIDENT OF THE
NEW YORK STATE UNITED TEACHERS, PHILIP A
CAMMARATA, MARK MAMBRETTI, THE NEW YORK CITY
DEPARTMENT OF EDUCATION, MICHAEL MULGREW,
AS PRESIDENT OF THE UNITED FEDERATION OF
TEACHERS, LOCAL 2, AMERICAN FEDERATION OF
TEACHERS, AFL-CIO, THE NEW YORK STATE BOARD
OF REGENTS, THE NEW YORK STATE EDUCATION
DEPARTMENT, THE CITY OF NEW YORK, LYNETTE R.
TUCK,

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 009) 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 264, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 318, 322, 323, 324, 325, 326

450028/2019   DAVIDS, MYMOENA vs. STATE OF NEW YORK
Motion No.  009 010 011

Page 1 of 14

were read on this motion to/for          _____SUMMARY JUDGMENT(AFTER JOINDER_____.

The following e-filed documents, listed by NYSCEF document number (Motion 010) 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 265, 269, 270, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 320, 321

were read on this motion to/for          _____SUMMARY JUDGMENT(AFTER JOINDER_____.

The following e-filed documents, listed by NYSCEF document number (Motion 011) 261, 262, 263, 266, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 319, 327

were read on this motion to/for          _____SUMMARY JUDGMENT(AFTER JOINDER_____.

In this consolidated action for declaratory judgment, plaintiffs challenge the constitutionality of specified sections of the Education Law relating to the discipline, evaluation, tenure and layoff of teachers in New York's public schools. Plaintiffs allege that those sections permit ineffective teachers to remain, thereby denying students the sound basic education guaranteed by article XI, § 1 of the New York State Constitution (Education Article). Defendants now move pursuant to CPLR § 3212 for summary judgment dismissing the amended complaints (complaints) of the remaining plaintiffs whose actions were not withdrawn or dismissed.[1] Of the original parent or guardian plaintiffs, there remain three parent guardian parents (Sam Pirozzolo, John Keoni Wright and Carla Williams [the parent plaintiffs] and five student plaintiffs (Samantha and Franklin Pirozzolo, Kaylah and Kyler Wright, and Jada Williams [the student plaintiffs]).[2]

The first summary judgment motion is brought by intervenor-defendant Michael Mulgrew, as President of the United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO (UFT), together with intervenor-defendants Seth Cohen, Daniel Delahanty, Ashli Skura Dreher, Kathleen Ferguson, Israel Martinez, Richard Ognibene, Jr., Lynette R. Tuck, and Karen E. Magee, individually and as President of the New York State United Teachers (NYSUT), and intervenor - defendants Phillip A. Cammarata and Mark Mambretti (collectively, the Educator defendants) (motion sequence 009). The second summary judgment motion is brought by defendants the State of New York, the New York State Board of Regents, and the New York State Education Department (collectively, the State defendants) (motion sequence 010). The third summary judgment motion is brought by defendants the City of New York and

---

[1] The court notes that the various captions used by defendants and plaintiffs in their motion papers (and therefore used herein by the court), do not reflect amendments resulting from the dismissal of, or withdrawal by, certain party plaintiffs and party defendants. The various captions appearing on various motion papers, as applicable, also contain variant spellings, or the incorrect naming of a plaintiff parent or guardian. For example, by Decision and Order dated March 30, 2021, the court granted defendants' motion, pursuant to CPLR 3126 (3), to dismiss the action of various plaintiffs, including Mymoena Davids, by her parent and natural guardian Miamona Davids, and Eric Davids, by his parent and natural guardian Miamona Davids (the Davids plaintiffs). Yet, the captions on certain motion papers continue to include the Davids plaintiffs. The court has previously set forth the proper amended caption within the bodies of prior decisions and orders, and declines to now again undertake this task on behalf of counsel.

[2] The court notes but does not otherwise comment on or address that certain of the named plaintiffs are not identified within the caption(s) used by the parties as acting as the parent on behalf of their child(ren). Additionally, to the extent a student has reached the age of majority and is acting on their own behalf as an additional plaintiff, the caption does not so reflect.

**450028/2019   DAVIDS, MYMOENA vs. STATE OF NEW YORK**                                    **Page 2 of 14**
**Motion No.  009 010 011**

2 of 14

[* 2]

New York City Department of Education (collectively, the City defendants) (motion sequence 011).

The following remaining plaintiffs oppose. Remaining plaintiffs in the first action filed prior to consolidation, Samantha Pirozzolo (Samantha) and Franklin Pirozzolo (Franklin), by their parent and natural guardian Sam Pirozzolo (Pirozzolo) (collectively, the Pirozzolo plaintiffs), oppose.[3] In the second action filed prior to consolidation, remaining plaintiffs John Keoni Wright (Wright), father of twin children Kaylah Wright (Kaylah) and Kyler Wright (Kyler), and Carla Williams (Williams), mother of Jada Williams (Jada) (collectively, the Wright plaintiffs), oppose. The Educator defendants, the State defendants, and the City defendants file separate replies.

For the following reasons, the consolidated motions for summary dismissal of the complaints is granted.

Right to a Sound Basic Education

The Education Article declares that the "legislature shall provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated." The Court of Appeals "gave contours to that right in a trilogy known as the Campaign for Fiscal Equity or CFE litigation" (*Aristy-Farer v State of New York*, 29 NY3d 501, 505 [2017] [internal quotation marks and citation omitted]). The New York State Constitution "'requires the State to offer all children the opportunity of a sound basic education. Such an education should consist of the basic literacy, calculating, and verbal skills necessary to enable children to eventually function productively as civic participants capable of voting and serving on a jury'" (*id.*, quoting *Campaign for Fiscal Equity v State of New York*, 86 NY2d 307, 316 [1995] [CFE I]). "The sound basic education guaranteed by the constitution requires the State to afford students with the 'opportunity for a meaningful high school education, one which prepares them to function productively as civic participants' and 'compete for jobs that enable them to support themselves'" (*Artisy-Farer*, 29 NY3d at 505, quoting *Campaign for Fiscal Equity v State of New York*, 100 NY2d 893, 908 [2003]).

The "'CFE decisions establish that there is 'a constitutional floor with respect to educational adequacy . . . [and the courts] are responsible for adjudicating the nature of [the] duty [to provide a sound basic education]'" (*Aristy-Farer,* 29 NY3d at 505-506, quoting *CFE 1*, 86 NY2d at 315). The Court, however, "cannot intrude upon the policy-making and discretionary decisions that are reserved to the legislative and executive branches" (*Campaign for Fiscal Equity v State of New York*, 8 NY3d 14, 28 [2006] [internal quotation marks and citation omitted) (CFE III]). "Although the Constitution does not require equality of educational offerings throughout the state, it does mandate that the opportunity for a sound basic education be provided to all" (*New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 178 [2005] [internal citation omitted]). The Education Article " 'requires a State-wide system assuring

---

[3] Previously, the Pirozzolo plaintiffs were included within the collective reference of the Davids plaintiffs, who were the first named plaintiffs in the caption of the first action. As noted, the Davids plaintiffs do not remain as plaintiffs. Yet, in sections of their papers, certain parties continue to contain to refer to the Pirozzolo plaintiffs as the Davids plaintiffs.

[* 3]

minimal acceptable facilities and services' " (*Aristy-Farer*, 29 NY3d at 506, quoting *Board of Educ., Levittown Union Free School Dist. v Nyquist,* 57 NY2d27, 47 [1982]).

"Fundamentally, an Education Article claim requires two elements: the deprivation of a sound basic education, and causes attributable to the State" (*New York Civ. Liberties Union,* 4 NY3d at 178-179). To prove the deprivation of a sound basic education, a plaintiff must establish "deficient inputs - teaching, facilities and instrumentalities of learning - which lead to deficient outputs such as test results and graduation rates" (*Paynter v State of New York*,100 NY2d 434, 440 [2003]).

Background

*The Complaints*

The consolidated complaints allege that as a result of specified sections of the Education Law, students attending New York public schools are being taught by ineffective teachers, resulting in the students' deprivation of a sound basic education as protected by the Education Article.[4]

The Pirozzolo plaintiffs' allegations include the following. Teachers have a profound impact on the lifetime achievements of students and are a key determinant of the quality of the students' education. Yet, students in New York are taught by ineffective teachers. Students taught by ineffective teachers (who are found in the approximate bottom five percent of New York teachers), fail to recover from the resulting disadvantage and suffer lifelong problems.

The Pirozzolo plaintiffs further allege that students are deprived of a sound, basic education by New York statutes controlling the dismissal of teachers and providing for layoffs based on seniority. They specify Education Law §§ 1102 (3), 2509, 2573, 2590 -j, 3012, 3014, 3020-a (collectively, the Dismissal Statutes), and § 3013 (2) (which requires that first to be laid off are teachers with the least seniority, or last in first out) (the LIFO Statute). The Pirozzolo plaintiffs allege that the Dismissal Statutes and the LIFO Statute: result in school administrators having to transfer ineffective teachers from school to school or leave them in place; ensure that a certain number of ineffective teachers retain employment; and substantially reduce the overall quality of the New York public schools' teacher workforce. These ineffective teachers fail to provide the students with the basic tools necessary to participate in a democratic society and compete in the economic marketplace.

The Pirozzolo plaintiffs seek a declaratory judgment that the LIFO Statute and the Dismissal Statutes, separately and together, violate the students' right to receive a sound basic education protected by the Education Article.

The Wright plaintiffs' allegations include the following. A teacher's quality is a critical determinant of a student's educational success; a teacher is the single most influential school-based variable of a child's education. The damage to a child's educational advancement resulting

---

[4] The first complaint in the consolidated action was filed by Mymoena Davids among others, including the Pirozzolo plaintiffs, in Richmond County. The second complaint was filed by John Keoni Wright, among others, in Albany County.

**450028/2019   DAVIDS, MYMOENA vs. STATE OF NEW YORK**                    **Page 4 of 14**
**Motion No.  009 010 011**

4 of 14

from being taught by an ineffective teacher is long-lasting and significant. Yet, outdated laws protect ineffective teachers and hamstring school administrators from making employment decisions based upon students' needs and constitutional rights.

The Wright plaintiffs challenge the constitutionality, in whole or part, of Education Law §§ 2509, 2510, 2573, 2585, 2588, 2590, 3012, 3012-c, 3020, and 3020-a (the Challenged Statutes). They allege that the Challenged Statutes confer permanent employment for teachers, prevent removing ineffective teachers from the classroom, and mandate that teacher layoffs be determined not on effectiveness, but on seniority alone. They additionally allege that the Challenged Statutes impose dozens of procedural hurdles to disciplining or dismissing ineffective teachers. These time-consuming and prohibitively expensive hurdles, including investigations, hearings, improvement plans, arbitration processes and administrative appeals, render it effectively impossible to terminate the employment of an ineffective teacher who has already received tenure. The ineffective teachers, who remain employed and return to the classroom, deny the students their rights to a sound basic education.

Additionally, the Wright plaintiffs allege that Education Law § 2585, alone and in conjunction with the other Challenged Statutes, violate the NY Constitution because it results in the retention of ineffective teachers, thereby depriving the students of their right to a sound, basic education. They further allege that in the absence of Education Law § 2585, which mandates that the last hired are the first fired when school districts conduct layoffs that reduce the teacher workforce, school administrators would determine layoffs based upon teacher quality, performance or effectiveness. The Wright plaintiffs seek declaratory and injunctive relief.

*The Appellate Decision*

By Decision and Order dated March 28, 2018, the Second Department affirmed the trial court's denial of defendants' pre-answer motions to dismiss the two complaints in the consolidated action pursuant to CPLR 3211 (a) (2), (3), (7), and (10), and affirmed the trial court's adherence to its original decision following its granting of the motions to renew (*Davids v State of New York*, 159 AD3d 987 [2d Dept 2018]) (the Appellate Decision).

The Second Department noted the well-established standards applied by the courts in determining a motion to dismiss pursuant to CPLR 3211 (a) (7), stating that:

> "[i]n considering the sufficiency of a pleading subject to a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), our well-settled task is to determine whether, accepting as true the factual averments of the complaint, plaintiff can succeed upon any reasonable view of the facts stated. The plaintiffs are entitled to all favorable inferences that can be drawn from their pleadings. Thus, if the court determines that the plaintiffs are entitled to relief on any reasonable view of the facts stated, the inquiry is complete and the court must declare the complaint legally sufficient"

(*id*. at 989 [internal quotation marks and citations omitted]).

**450028/2019   DAVIDS, MYMOENA vs. STATE OF NEW YORK**
**Motion No.  009 010 011**

**Page 5 of 14**

The Second Department reviewed and analyzed certain leading cases addressing the right to a sound basic education under the Education Article and reviewed the allegations of the two complaints. It held that the allegations in both complaints were sufficient to state a cause of action and that defendants were not entitled to dismissal pursuant to CPLR 3211 (a) (7) (*id*. at 991). The Second Department additionally held that "[c]ontrary to defendants' further contentions, the plaintiffs' allegations present a justiciable controversy" (*id*.). So too "plaintiffs' claims are not academic despite the amendments to some of the statutes they challenge" as "[it] cannot be concluded at this stage of the proceedings that a declaration as to the validity or invalidity of those statutes would have no practical effect on the parties" (*id*. at 992 [internal quotation marks and citation omitted]). Additionally, the Second Department held that "contrary to the defendants' contentions, the plaintiffs had standing to commence these actions, as they adequately alleged a threatened injury in fact to their protected right of a sound basic education due to the retention and promotion of alleged ineffective teachers" (*id*. [internal citation omitted]). Defendants' subsequent request for leave to appeal was denied.

### *Discovery and the Setting of a Briefing Schedule for These Motions*

Discovery was ordered to proceed in a phased manner, with certain documents to be produced by plaintiffs and defendants and with defendants to proceed first and take the depositions of certain parent plaintiffs and student plaintiffs. A number of orders were issued with respect to this phased discovery. These include the following.

The order dated January 7, 2020 (discovery order) (NYSCEF doc. no. 141), provided as follows:

> "[F]or each student for whom Plaintiffs have provided Defendants with valid HIPAA and FERPA releases ('Students'), the State Defendants shall produce to all parties certain information from the Student Information Repository System ('SIRS') associated with each of those Students, to the extent available, consisting of the following: schools attended; assessment performance data; graduation status; credit and course accumulation; attendance information; basic demographic data; enrollment status; language information; free/reduced lunch program data; course and grade information; and assigned teachers."

The Discovery Order further provided that:

> "[C]ounsel for Plaintiffs shall ask their clients to search their records for any communications within their possession, custody or control related to the Students' education and educational services, including any communications with the Students' schools, teachers, tutors, officials, administrators, or employees of any school, school district or any other local or state education agency."

Lastly, the Discovery Order provided that:

450028/2019   DAVIDS, MYMOENA vs. STATE OF NEW YORK
Motion No.  009 010 011

Page 6 of 14

> "[F]or each Student, the State Defendants and Plaintiffs shall
> complete the productions associated with that Student, as directed
> and described above, at least seven days prior to the deposition of
> that Student or the Student's parents, whichever comes first. The
> noticing party's decision to proceed with any scheduled deposition
> notwithstanding the status of any document production shall not be
> construed as a waiver of any right."

As a result of a failure to comply by certain plaintiffs, defendants brought certain motions which were decided by the court. For example, by decision and order dated March 30, 2021, the court granted defendants' motion, pursuant to CPLR 3126 (3), to dismiss the action of various plaintiffs, including Mymoena Davids, by her parent and natural guardian Miamona Davids, and Eric Davids, by his parent and natural guardian Miamona Davids (the Davids plaintiffs) (NYSCEF doc. no. 188). The court found that the Davids plaintiffs and other specified plaintiffs failed to provide releases for their educational records, and that these and other demanded records were relevant to plaintiffs' "burden to prove that their educational experience was deficient due to ineffective teachers and that the challenged statutes proximately caused plaintiffs to be subjected to ineffective teachers" (*id*.)

Defendants took the depositions of those student plaintiffs and/or parent plaintiffs who complied with the discovery order(s), including: Franklin Pirozzolo, Samantha Pirozzolo, Sam Pirozzolo, Carla Williams, Jada Williams, and John Keoni Wright. Subsequently, a virtual conference was held on April 12, 2022 and the court issued its order (decision and order dated March 30, 2021). The court noted that all parties appeared at the conference and "counsel for the New York State defendants stated their intention to move for summary judgment" (*id*.). The court then ordered the briefing schedule.

Summary Judgment

The "proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp*., 68 NY2d 320, 324 [1986]). "Failure to make such showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

Once the prima facie showing has been made, "the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez*, 68 NY2d at 324, citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "It is axiomatic that summary judgment is a drastic remedy which should not be granted where there is any doubt as to the existence of a triable issue of fact or where such issue is even arguable" (*Trolone v Lac d'Amiante Du Quebec,* 297 AD2d 528, 528-29 [1ˢᵗ Dept 2002], *affd* 99 NY2d 647 [2003] [internal citations omitted]). "On a summary judgment motion, facts must be viewed in the 'light most favorable to the non-moving party'" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]). The role of the court in determining the "drastic remedy" of summary judgment is "issue - finding, rather than issue -

**450028/2019   DAVIDS, MYMOENA vs. STATE OF NEW YORK**                    **Page 7 of 14**
**Motion No.  009 010 011**

7 of 14

[* 7]

determination" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957] [internal quotation marks and citation omitted]).

CPLR 3212 (f) provides as follows:

> "Facts unavailable to opposing party. Should it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just."

*Overview of Contentions*

By way of overview, the parties' contentions include the following. Defendant movants argue that under the undisputed material facts, as established through discovery, plaintiffs have not and cannot show that the student plaintiffs have been deprived of a sound basic education as mandated by the New York State Constitution. They argue that plaintiffs have not and cannot make the requisite factual showing of alleged deficient educational inputs (including teachers, facilities and instrumentalities of learning), and deficient educational outputs (including test results, dropout rates and graduation), and the causation between them.

Defendants point to specific discovery to support their contentions that: there are no remaining disputed factual issues with respect to deficient educational outputs; the undisputed facts show that on the prong of deficient outputs the Student plaintiffs received a sound basic education; and, accordingly, the defendants are entitled to judgment dismissing the consolidated action as a matter of law.

Defendants further argue that plaintiffs have not shown that their educational experiences are or were deficient, much less deficient due to ineffective teachers. They argue that certain of the plaintiffs do not identify a specific teacher who they consider ineffective, and, to the extent they express dissatisfaction with that teacher, plaintiff failed to pursue available and appropriate remedies. Additionally, defendants assert that plaintiffs have not shown that any alleged deficiencies are caused by inadequate funding, and have not shown that additional funding would remedy the deficiencies.

Further, they argue that plaintiffs must, but have not and cannot, proffer evidence establishing, at a minimum, that: 1) schools in New York City and Rochester are plagued by the alleged input of ineffective teachers leading to alleged deficient outputs; (2) these failures are experienced districtwide; (3) these failures are attributable to the Challenged Statutes and the Tenure Statutes (noting that the Tenure Statutes have been amended since the actions were instituted); and (4) the Challenged Statutes, LIFO, and the Tenure statutes must be invalidated. Defendants also assert that the consolidated action should be dismissed because plaintiffs lack standing, and, as to certain plaintiffs, their action is moot.

**450028/2019   DAVIDS, MYMOENA vs. STATE OF NEW YORK**
**Motion No.  009 010 011**

**Page 8 of 14**

8 of 14

[* 8]

Plaintiffs oppose on several grounds, including the following. They argue that the motion is premature, particularly in light of prior rulings which provided for defendants to first proceed with certain discovery that they were seeking. They assert that plaintiffs are entitled to now proceed with their discovery. Similarly, they assert that, pursuant to CPLR 3212 (f), the motion should be denied as facts essential to justify the opposition exist and are in defendants' possession or control. Additionally, plaintiffs argue, in essence, that the Appellate Decision is dispositive as to many of defendants' contentions on this motion and, accordingly, the summary judgment motions should be denied.

Plaintiffs also assert that material disputed issues of fact remain regarding whether the student plaintiffs have been deprived of a sound basic education and that their statements of fact show that the students were so deprived. Plaintiffs additionally contend that as a result of the Challenged Statues, the LIFO Statute and the Tenure Statute, the student plaintiffs were taught by ineffective teachers resulting in the student plaintiffs not receiving a sound basic education.

Included in defendants' replies are the following. Defendants argue that the motion is not premature. So too plaintiffs have not and cannot demonstrate that the next phase of discovery must proceed and that facts essential to oppose the motion are not now available to them. Further, defendants argue that the Appellate Decision determined the issues as then raised in the CPLR § 3211 pre-answer dismissal motions, but the decision is not determinative as to the instant summary judgment motions. Additionally, defendants assert that they met their burden, and plaintiffs have failed to defeat their showing by admissible evidence.

Discussion

Deficient Outputs

The court turns first to whether defendants met their prima facie summary judgment motion burden with respect to the issue of deficient educational outputs, and whether plaintiffs met their burden and defeated that showing. Within this discussion, the court also addresses plaintiffs' arguments that these motions are premature and, on the issue of deficient educational output, should be denied in light of the Appellate Decision. By addressing these issues first, the court does not explicitly or implicitly address or opine on the parties' other contentions, including the issues of standing, mootness, and as summarized in the overview of contentions above.

*Defendants' Prima Facie Showing as to Deficient Outputs*

To meet their prima facie burden, defendants rely on, *inter alia:* undisputed facts, as set forth in their statements of facts (NYSCEF doc. nos. 232, 234), as adduced from discovery, including deposition testimony transcripts of the student plaintiffs and parent plaintiffs, as applicable (NYSCEF doc. nos. 254-258). Defendants similarly rely on and attach as exhibits various produced documents, including the student plaintiffs': profile assessments; profile grades; profile enrollment histories; exam histories; permanent records; cumulative records; and educational transcripts (NYSCEF doc. nos. 238-253). The court finds that on the requisite showing or absence of deficient outputs, defendants met their prima facie burden that the student

[* 9]

plaintiffs received a sound basic education as they: (1) received the basic literacy, calculating, and verbal skills needed to eventually (if not already) function productively as civic participants capable of serving on a jury and voting (*see Campaign for Fiscal Equity v State of New York*, 86 NY2d at 316 ), and (2) were afforded an " 'opportunity for a meaningful high school education, one which prepares them to function productively as civic participants' and 'compete for jobs that enable them to support themselves' " (*Artisy-Farer*, 29 NY3d at 505, quoting *Campaign for Fiscal Equity v State of New York*, 100 NY2d at 908).

*Defendants' Prima Facie Showing of Undisputed Material Facts*

*Samantha Pirozzolo*

Samantha attended public schools through ninth grade. She performed above the standards for her grade level on state - wide assessments in reading and math in elementary and middle school. Her grades in middle school and in ninth grade were in the high 80's and 90's, with a cumulative average of 95.51% in the ninth grade. On her Regents examinations, she earned a 95 in Living Environment and an 88 in Algebra. She was home - schooled for tenth, eleventh, and twelfth grades and earned her GED. She chose to home school because she could determine her own schedule, study things she was interested in, and learn in the way she thought was best for her. After earning her GED, she spent a year working, volunteering, and traveling; she built a school and volunteered at a safari park in Zimbabwe; she studied Mandarin at Beijing Foreign Studies University while working as an au pair.

At the time of her deposition, Samantha was in her Senior year at the American University of Rome, from which she had received a merit scholarship to attend. She was studying business administration and international relations and had a 3.91 GPA. She intended to apply to graduate school to earn her master's degree in Business Administration.

*Franklin Pirozzolo*

Franklin attended public elementary and high school, and was home schooled from sixth through eighth grade. He attended Ralph McKee Career and Technical Education High School (McKee HS). At McKee HS, he took advanced classes including Honors Economic, Advanced Placement (AP) English Language and AP Computer Science, for which he earned a high enough score to earn college credit. In high school, his cumulative high school average was 87.30%. He earned the following scores in his Regents examinations: 89 in Physical Setting/Earth Science; 90 in English Language Arts; 91 in Living Environment. He graduated from McKee HS in 2021 with an Advanced Regents Diploma. He received a scholarship to attend the New York Institute of Technology (NYIT), and at the time of his deposition he was attending NYIT. He testified at this deposition that there was a wide range of jobs that would be available after he graduates, including a career in computer science or cyber security.

Both Franklin and Samantha believed they are capable of serving on a jury and have a sufficient education to vote. At their depositions, neither Samantha nor Franklin identified or recalled a specific teacher they believed to be ineffective or who prevented them from receiving a sound basic education.

*Kaylah and Kyler Wright*

In the academic year 2021-2022, twin sister Kaylah and Kyler were 15 years old and ninth grade students at Brooklyn Emerging Leaders Academy Charter School (charter school). They both attended middle school at I.S. 392, a school for gifted and talented students I.S. 392). There, they both earned grades in the 90's for the 2020-2021 academic years. Wright testified at his deposition that both Kaylah and Kyler were currently performing at their grade level. At the time of the deposition, Wright testified that he expects Kaylah and Kyler to graduate from high school and attend college.

As to Kaylah, Wright testified at his deposition that he was satisfied with the education she received and did not assert that she had an ineffective teacher. As to Kyler, Wright asserts that two of her teachers were ineffective—Kyler's kindergarten and first grade teachers— because in his opinion they did not give homework or encourage students sufficiently. He testified that he believes Kyler's reading skills improved over time.

As to statewide assessments, defendants refer to the performance level scores as set forth in the exhibits and refer to 8 NYCRR § 100.21 (b) (1) (xvi). In third grade, Kyler earned a performance level score of "3" on the English Language Arts statewide assessment, which is proficient. In fourth and sixth grades, Kyler earned a performance level of "4" on the English Language Arts statewide assessment, which exceeds proficiency standards. In third and fifth grades, Kyler earned a performance level of "4" on the Math statewide assessment, which exceeds proficiency standards. In fourth and sixth grades, she earned a performance level score of "3", which is proficient.

*Jada Williams*

At the time of the deposition, Jada was attending Nazereth College in Rochester, New York, majoring in Community Youth Development. She expected to graduate from the college in May 2020. After graduation, she intended to pursue a career organizing after-school programs. Williams testified that she expected Jada to be able to fully function and hold a job in society.

Jada attended public schools in the Rochester City School District from fifth through twelfth grade. She graduated from World of Inquiry School, where she took accelerated honors courses in English and United States History/Government and earned a cumulative weighted average of 3.94. She testified that her high school education prepared her for college and that she was accepted to all the colleges where she had applied.

She testified that she was mistreated by her English, Social Studies, and Journalism teachers in eighth grade, who responded negatively to an essay she wrote. Her final grade in both English and Social Studies in eighth grade was a B plus and her final grade point average for the year was 3.95. She scored at a proficient level on the state-wide assessment in eighth grade, and earned a performance level of "3" on her English Language Arts and Math State-wide assessments.

*Plaintiffs' Opposition*

450028/2019   DAVIDS, MYMOENA vs. STATE OF NEW YORK                         Page 11 of 14
Motion No.  009 010 011

[* 11]

At the outset, the court respects the plaintiff parents' and-plaintiff students' opinions on, dedication to, and advocating for the education provided in the public schools in general and for their children in particular. The court also recognizes and credits the hard work, achievements and aspirations of the student plaintiffs.

The issue before the court, however, is whether plaintiffs have demonstrated that, on the issue of deficient output, material issues of disputed fact remain and these summary judgment motions should be denied. Generally, and as applicable to the focus of the court's discussion, plaintiffs argue: (1) the motions are premature; (2) the Appellate Decision is determinative on this issue; (3) defendants have not met their prima facie burden, and/or (3) plaintiffs have met their burden and demonstrated, through admissible evidence, that genuine issues of material fact remain in dispute.

Plaintiffs have not demonstrated that these motions are premature. They have not shown generally or specifically that on the issue of deficient output, plaintiffs are entitled to and must be permitted to proceed with the next phase of discovery. Similarly, they have not met their burden pursuant to CPLR 3212 (f). Plaintiffs have not "identified any information in the exclusive control of [defendants] that could raise a material issue of fact" on the issue of deficient output (*McDaniel v Codi Transport, LTD. v Codi Transp. Ltd.,* 149 AD3d 595, 596 [1st Dept 2017], citing CPLR 3212[f]; *Erkan v McDonald's Corp.* 146 AD3d 466, 437 537, 538 [1st Dept 2017]). (*See also Natoli v Trader Joe's E. Inc.*, 198 AD3d 572, 573 [1st Dept 2021]).

To the extent plaintiffs contend that the Appellate Decision forecloses or otherwise determines these summary judgment motions generally and specifically on the issue of deficient output, the court disagrees. The Appellate Decision addressed the appeal of the trial court's decision denying defendants' motions pursuant to CPLR 3211 and the legal standards and applicable burdens applicable to determining the relief sought thereunder. The relief sought in these motions is for summary judgment pursuant to CPLR 3212; the legal standards and the applicable burdens in determining these motions, generally and in particular on the issue of deficient outputs, were not addressed in the Appellate Decision. This court need not and does not opine on other particular contentions regarding the Appellate Decision.

Plaintiffs next contend that defendants have failed to meet their prima facie burden on these motions. Generally, and particularly with respect to the court's discussion of deficient outputs, plaintiffs are incorrect. Defendants, by admissible evidence, met their prima facie burden.

Turning to the issue of whether plaintiffs have met their burden to lay bare their proof and defeat defendants' prima facie burden on the issue of deficient outputs, the court finds that plaintiffs have failed to do so. Significantly, plaintiffs' opposing papers do not demonstrate the existence of a genuine disputed issue of fact with respect to deficient outputs. Plaintiffs' opposition does not rise to the level of a factual issue with respect to whether one or more of the student plaintiffs were denied a sound basic education because they did not receive the basic literacy, calculating, and verbal skills needed to eventually (if not already) function productively as civic participants capable of serving on a jury and voting. Nor did plaintiffs meet their burden by showing a genuine disputed issue of fact that they were not afforded an opportunity for a

450028/2019   DAVIDS, MYMOENA vs. STATE OF NEW YORK
Motion No. 009 010 011

Page 12 of 14

[* 12]

meaningful high school education, an education which prepares them to function productively as civic participants and compete for jobs that enable them to support themselves.

As to certain of the defendants' submitted statements of fact, plaintiffs either do not dispute the particular factual statement, or refer to the document for a complete and accurate statement of its contents. As to other facts, they refer to other portions of the deposition testimonies or assert defendants mischaracterize the overall deposition testimony. Alone and together, however, plaintiffs' showing is insufficient.

For example, with regard to the statements based on documents setting forth the plaintiff students' performance scores on state-wide assessments on particular subject areas and in particular grades, plaintiffs note that the document states that performance was scored as meeting or exceeding proficiency standards. They categorize the scores, however, as what the State has determined to be proficient and meeting, or exceeding, grade level or assert or appear to question the meaning of the score. Plaintiffs do not assert, however, that these state-wide assessments were administered or scored differently for the plaintiff students, or that other assessments, state-wide or administered by an expert, demonstrate that the student plaintiffs were not meeting grade expectations. Nor do they submit an expert affidavit supporting a genuine factual issue as to the methodology or efficacy of the state-wide assessments. Similarly, they do not point to the student plaintiffs' grades or comments in the report cards to support their assertions.

As to the deposition testimonies they rely on, these too are insufficient to meet plaintiffs' burden in opposition to defendants' prima facie showing. Certain deposition testimonies are based on hearsay, and are thus inadmissible. Other testimonies consist of conclusory assertions or lay opinions. Certain testimonies are based on matters not included in defendants' statements of material fact or portray a different viewpoint, but do not support a genuine factual issue as to deficient outputs.

For example, the Wright plaintiffs' point to plaintiff Wright's deposition testimony to support their assertion that Kyler was not reading at grade level in sixth grade (NYSCEF doc. nos. 316, Wright Plaintiffs' Response to Defendants' Statements of Material Facts, at 9). They assert that he testified "that school personnel advised him that Kyler was still not reading at an age-appropriate level in sixth grade" referring to Wright Deposition Transcript at 120:7-20. (*id.*). Such hearsay testimony, however, is not admissible. Moreover, a close reading of the cited deposition testimony as well as the pages immediately prior to and after show that plaintiff Wright is referring to what an unnamed guidance counsellor told him; the guidance counsellor "elected to tell them about a [summer] program [the school] was running to get us prepared for -- to come to the [new] school" (*id.* at 121, 5-14). Wright did not testify that the program was offered only to a student whose reading was determined to be below grade level, and a fair reading of his testimony supports that the program was offered to all students. Both of plaintiff Wrights' children attended the program.

The Wright plaintiffs similarly do not point to a grade or comment in one of Kyler's report cards, state-wide assessments, or other assessment to support their claim that Kyler was not reading at grade level at a particular point of Kyler's education (assuming without finding that, had this contention been support by admissible evidence, it would have been sufficient to

450028/2019   DAVIDS, MYMOENA vs. STATE OF NEW YORK
Motion No.  009 010 011

Page 13 of 14

demonstrate a genuine issue of fact on deficient outputs). Rather, Mr. Wright testifies that, while not in every report card, from what he noticed and can remember, Kaylah's report cards were always "good and Kyler was just a little behind" (NYSCEF doc. nos. 276, at 116, 2-8). Plaintiffs do not, however, cite supporting case law showing that a material issue of disputed fact remains on the factual issue of deficient output based on Mr. Wright's assertions or opinions of Kyler's reading level in sixth or first or another grade, or that a sufficient factual issue exists where one twin's academic performance is just a little behind that of the other twin.

By way of another example, plaintiff Williams and plaintiff Jada disagree with defendants' characterizations of Jada's 8th grade experience and the level of education she received. They contend that Jada testified that "she was harassed and mistreated in eighth grade, including kicking her out of classes and wrongfully lowering her grades" (NYSCEF doc. nos. 316 at 3). They point to deposition testimony that Jada received the grades she received because Jada's grades were raised after she and her mother complained to the school and the administration ordered that the grades be raised back (*id.*). Additionally, Jada testified that she "received, overall, a substandard education" (*id.*). While attention must be paid, such testimonies do not reach the level of demonstrating a material disputed issue of fact as to deficient outputs.

As defendants met their initial burden by establishing that, on the requisite showing or absence of deficient outputs, the student plaintiffs received a sound basic education, and plaintiff's opposition failed to rebut this showing.

Accordingly, it is hereby,

ORDERED that defendants' motions, pursuant to CPLR 3212, for summary judgment dismissing the consolidated action (motion sequence nos. 009, 010, and 011), are granted; and it is further

ORDERED that the Clerk shall enter judgment dismissing the consolidated action, without costs or disbursements; and it is further

ORDERED that defendant movants shall serve notice of entry upon all parties and the County Clerk and the Clerk of the Court, within ten (10) days of entry.

This constitutes the decision and order of the court.

20240605122039DRAMSEURB22902B7841848C0ADC99F6CDB5E92DA

**6/5/2024**
**DATE**

**DAKOTA D. RAMSEUR, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

450028/2019   DAVIDS, MYMOENA vs. STATE OF NEW YORK
Motion No.  009 010 011

Page 14 of 14

[* 14]