| |
|---|
| **Sirrine v Peduto** |
| 2025 NY Slip Op 31392(U) |
| April 21, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156721/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. HASA A. KINGO**                                    PART                          05M
                                            *Justice*

------------------------------------------------------------------------X

KRISTEN JOHNSON SIRRINE,                              INDEX NO.          156721/2024

                                                     MOTION DATE        02/20/2025
                            Plaintiff,
                                                     MOTION SEQ. NO.        001
            - v -

CHRISTINA PEDUTO, THE CITY OF NEW YORK, THE
NEW YORK CITY DEPARTMENT OF SANITATION,                   **DECISION + ORDER ON
                                                                MOTION**
                            Defendant.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25

were read on this motion for                         SUMMARY JUDGMENT                          .


Upon the foregoing documents, the motion for summary judgment filed by plaintiff Kristen Johnson Sirrine ("Plaintiff") is granted, for the reasons set forth herein.

## BACKGROUND

This personal injury action arises from a vehicle collision that occurred on Lexington Avenue, between East 102nd and 103rd Streets in New York, New York (NYSCEF Doc No. 20, Sirrine aff ¶ 4). In an affidavit supporting this motion, Plaintiff attests that, on October 3, 2023, at approximately 2:00 or 3:00 p.m., she was seated in the driver's seat of a parked 2018 Ford SUC, which she had permission to use, when a New York City Department of Sanitation ("DSNY") vehicle suddenly reversed, while veering to the left at the same time, causing the left side of the sanitation vehicle to heavily strike Plaintiff's vehicle on the passenger side (*id*. ¶¶ 7-10). The sanitation vehicle did not sound its horn or try to alert Plaintiff in any way prior to the collision (*id*. ¶ 11). After striking Plaintiff's vehicle, the sanitation vehicle proceeded to strike five or six other vehicles (*id*. ¶ 12). Plaintiff further attests that, after the collision occurred, she was in the same ambulance as the driver of the sanitation vehicle, who apologized and said that she lost control of her vehicle (*id.* ¶ 13). As a result of the impact, the middle and back passenger side, bumper, rum, wheel, and rear light of Plaintiff's vehicle were damaged (*id*. ¶ 14).

On July 24, 2024, Plaintiff commenced this action by filing a summons and complaint (NYSCEF Doc No. 1).[1] On August 22, 2024, Defendant the City of New York (the "City") filed

---

[1] Four separate actions related to the October 3, 2023 collision were commenced in this court bearing index numbers 154355/2024, 452774/2024, 157088/2024, and 158985/2024. There is a motion pending in the action bearing index number 143355/2024 to consolidate all five actions.

**156721/2024   JOHNSON SIRRINE, KRISTEN vs. PEDUTO, CHRISTINA ET AL**                          **Page 1 of 4**
**Motion No.  001**

[* 1]

an answer on behalf of the City, DSNY, and Peduto (NYSCEF Doc No. 7). Plaintiff now moves, pursuant to CPLR § 3212, for summary judgment against all defendants on the issue of liability, to dismiss the City's affirmative defense of comparative negligence, and for such other and further relief as the court may deem just and proper.

The City offers a limited opposition to the motion, taking no position on the issue of fault "insofar as plaintiff has argued that the operation of the City's vehicle fell short of the applicable standards with respect to operation with reasonable care" (NYSCEF Doc No. 23, Nierman aff in opp ¶ 3). However, the City opposes summary judgment on the issues of damages, serious injury, and causality (*id*.). In reply, Plaintiff reiterates that she is not seeking summary judgment on the issue of damages, there are no issues of fact regarding the circumstances of the collision, and that she is, therefore, entitled to summary judgment on the issue of liability and to dismiss the defendants' affirmative defense of comparative negligence (NYSCEF Doc No. 25, Kauffman reply aff ¶ 6).

## DISCUSSION

Pursuant to CPLR § 3212(b), a motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the [c]ourt as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers and Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [internal quotation marks and citation omitted]). Upon a proffer of evidence establishing a *prima facie* case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to necessitate a trial of material questions of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). For an issue of fact to be considered "material," it must be genuine, bona fide, and substantial enough to require a trial (*Leumi Financial Corp. v Richter*, 24 AD2d 855 [1st Dept 1965]). A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where issues of credibility exist (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010]). However, "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to overcome a motion for summary judgment (*Zuckerman*, 49 NY2d at 562, *supra*).

A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, *prima facie*, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (*Fernandez v Ortiz*, 183 AD3d 443, 443-444 [1st Dept 2020]). A motorist always has a duty to operate their vehicle with reasonable care, which encompasses the duty to see what there is to be seen with the proper use of one's senses (*Ohlhausen v City of New York*, 73 AD3d 89, 92 [1st Dept 2010], *citing* PJI 2:77, 2:77.1; *Gutierrez v Hoyt Transp. Corp.*, 117 AD3d 420, 420 [1st Dept 2014]). This duty is necessarily owed to everyone else on the roads (*Ohlhausen*, 73 AD3d at 93, *supra*). Additionally, an injured plaintiff makes a *prima facie* case where they demonstrate that they were struck by an

**156721/2024   JOHNSON SIRRINE, KRISTEN vs. PEDUTO, CHRISTINA ET AL**
**Motion No.  001**

**Page 2 of 4**

out of control car (*Martinez v WE Transp. Inc.*, 161 AD3d 458, 458-459 [1st Dept 2018], *citing Czekala v Meehan*, 27 AD2d 565 [1st Dept 1966], *aff'd* 20 NY2d 686 [1967] [evidence establishing that car moved off road and hit barrier was *prima facie* evidence of driver's negligence]).

Here, Plaintiff attests that she was sitting in a parked vehicle when a DSNY sanitation vehicle suddenly reversed, while veering to the left at the same time, causing the left side of the sanitation vehicle to heavily strike Plaintiff's vehicle on the passenger side before striking five or six other vehicles (NYSCEF Doc No. 20, Sirrine aff ¶¶ 7-12). This is sufficient to satisfy Plaintiff's *prima facie* burden of entitlement to judgment as a matter of law on the issues of liability (*see Ohlhausen*, 73 AD3d at 93, *supra*; *Martinez*, 161 AD3d at 458-459, *supra*). The City does not dispute these facts and concedes that the DSNY driver failed to operate the sanitation vehicle with reasonable care (NYSCEF Doc No. 23, Nierman aff in opp ¶ 3). The City also does not offer a nonnegligent reason for the collision or submit any facts regarding comparative negligence (*see McDaniel v Codi Transp., Ltd.*, 149 AD3d 595, 595-96 [1st Dept 2017] ["In opposition, defendants submitted no evidence of a nonnegligent explanation for the accident, and their arguments about how plaintiff driver may have contributed to the accident, or been able to avoid it, are speculative, and therefore insufficient to raise an issue of fact"] [internal quotation marks omitted]). Thus, there are no outstanding issues of material fact regarding liability or comparative negligence, and Plaintiff is entitled to summary judgment on these issues (*id.*).

Accordingly, it is

ORDERED that the motion is granted with respect to liability and comparative negligence; and it is further

ORDERED that the City of New York's affirmative defense of comparative negligence is dismissed; and it is further

ORDERED that the Clerk of the Differentiated Case Management part is directed to set this matter down for a preliminary conference on the next available date, to set a discovery schedule on the issue of damages and serious injury; and it is further

ORDERED that Plaintiff shall, within 20 days from entry of this order, serve a copy of this order with notice of entry upon counsel for all parties hereto and upon the Clerk of the General Clerk's Office and shall serve and file with said Clerk a note of issue and statement of readiness and shall pay the fee therefor, and said Clerk shall cause the matter to be placed upon the calendar for such trial before the undersigned; and it is further

ORDERED that such service upon the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website)].

**156721/2024   JOHNSON SIRRINE, KRISTEN vs. PEDUTO, CHRISTINA ET AL**
**Motion No.  001**

Page 3 of 4

This constitutes the decision and order of the court.

20250421070800HKINGO3C0...D3C11F944BA9902BF9FB346900A

__4/21/2025__
__DATE__

__HASA A. KINGO, J.S.C.__

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| ☒ GRANTED | | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**156721/2024   JOHNSON SIRRINE, KRISTEN vs. PEDUTO, CHRISTINA ET AL**
**Motion No.  001**

**Page 4 of 4**

4 of 4

[* 4]